IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATOYA BONDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:17-CV-2490-K-BH |
| | ) | |
| **BANCTEC INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management. Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to serve the defendants within 90 days.

**I. BACKGROUND**

On September 15, 2017, the plaintiff filed this *pro se* case against the defendant and moved to proceed *in forma pauperis*. (*See* docs. 3, 5.) By order dated September 18, 2017, the Court found that she had sufficient assets with which to pay the filing fee. (*See* doc. 6.) On October 3, 2017, she paid the filing fee. The next day, the Court issued an order stating, ins relevant part:

> Because she paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If defendants are not served within 90 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If Plaintiffs do not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed.

(*See* doc. 7.) The order also directed the clerk to mail the plaintiff summons forms and a copy of Rule 4. (*Id.*) The docket reflects that a copy of the summons form was served with the order.

The plaintiff failed to file a valid return of service on the defendants within 90 days of the filing of the complaint. By order dated January 22, 2018, the plaintiff was ordered to either file a valid return of service, or show cause in writing why service could not be made on the defendant, no later than February 5, 2018. (*See* doc. 8.) The order expressly stated that if the plaintiff failed to comply with its terms by filing a valid return of service as to the defendant or by showing good cause in writing why service could not be timely made, dismissal of the case would be recommended without further notice. (*Id.*) As of this date, the plaintiff has still not filed a valid return of service to show that she has served the defendant, shown cause in writing for her failure to do so, or filed anything else in the case.

## II. ANALYSIS

As provided by Rule 4(c) of the Federal Rules of Civil Procedure, the plaintiff is responsible for having the defendant served with the summons and complaint. Fed. R. Civ. P. 4(c). She is also required to file proof of service unless service is waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ.P. 4(m). The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple

inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985). "Good faith requires a 'reasonable basis for noncompliance within the time specified.'" *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters*, 776 F.2d at 1306). Even where the plaintiff fails to show good cause, however, the court has discretion to extend the time for service. *Thrasher*, 709 F.3d at 511.

Here, the plaintiff was expressly given notice of the requirements in Rule 4 that she timely serve the defendant within 90 days and file proof of valid service. More than 90 days have passed since she filed this action, but she has not provided proof of service. She was subsequently given notice of her failure to comply with Rule 4 and provided another opportunity to serve the defendant and file proof of service or show cause why she was unable to accomplish service. The plaintiff failed to respond and has not filed anything else in this case. Exercise of the court's discretion to extend the time for service is therefore unwarranted.

### III. CONCLUSION

This case should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 10th day of April, 2018.

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE